THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-20373

GUERDINE LACOSTE,

    Plaintiff,

vs.

NORTH MIAMI CARAF, INC., 22TH AVENUE
CARAF, INC., 27TH AVENUE CARAF, INC.,
27TH SERVICE STATION INC.,
and ISIS SIEIRA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, GUERDINE LACOSTE ("Ms. Lacoste" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, NORTH MIAMI CARAF, INC., (Defendant "Caraf"), 22TH AVENUE CARAF, INC., (Defendant "22th Avenue"), 27TH AVENUE CARAF, INC. (Defendant "27th Avenue"), 27TH SERVICE STATION INC. (Defendant "27th Service Station"), and ISIS SIEIRA, individually (Defendant "Sieira") (Defendants Caraf, 22th Avenue, 27th Avenue, 27th Service Station, and Sieira shall collectively be referred to as "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

1

2. At all times material hereto, Plaintiff performed non-exempt duties as a convenience store clerk / cook on behalf of the Defendants in Miami-Dade County, Florida, within the jurisdiction and venue of this Court.

## FLSA COVERAGE

3. Plaintiff was employed by the Defendants from approximately 2011 through January 17, 2020.

4. Plaintiff worked for the Defendants in a non-exempt capacity as a convenience store clerk / cook until her separation on or about January 17, 2020.

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff for all overtime hours worked in a work week.

6. Defendants Caraf, 22th Avenue, 27th Avenue, and 27th Service Station are all owned, operated, and controlled by Defendant Sieira.

7. Defendant Sieira scheduled and required Plaintiff to work at Caraf, 22th Avenue, 27th Avenue, and 27th Service Station.

8. Defendants Sieira Caraf, 22th Avenue, 27th Avenue, and 27th Service Station were joint employers of the Plaintiff.

9. Upon information and belief, the annual gross revenue of Defendants Caraf, 22th Avenue, 27th Avenue, and 27th Service Station were at all times material hereto in excess of $500,000.00 per annum.

10. Defendants Caraf, 22th Avenue, 27th Avenue, and 27th Service Station is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11. Defendant Sieira owns and operates Caraf, 22th Avenue, 27th Avenue, and 27th Service Station, which are al companies for profit in Miami-Dade County, Florida, and employ persons such as Plaintiff to work on her behalf in providing labor for her business.

12. Defendant Sieira is within the personal jurisdiction and venue of this Court.

13. Defendant Sieira regularly exercised the authority to control the terms and conditions of Plaintiff's employment.  For example, Defendant Sieira had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of Caraf, 22th Avenue, 27th Avenue, and 27th Service Station. By virtue of such control and authority, Defendant Sieira was an employer of the Plaintiff, as such term is defined by 29 U.S.C. § 203(d).

14. All conditions precedent, if any, have been completed prior to the filing of this suit.

15. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent her and have incurred attorneys' fees and costs in bringing this action.

16. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

17. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. Subject to discovery in this matter, while employed by the Defendants, Plaintiff worked an average of six (6) to seven (7) days per week, and worked approximately fifty-six (56) hours each week.

20. Specifically, Defendants required Plaintiff to work at four separate locations:

    a. North Miami Caraf, Inc., 13705 NW 7th Avenue, N. Miami, Florida 33168

    b. 22th Avenue Caraf, Inc., 15685 NW 22nd Avenue, Miami Gardens, Florida 33054

    c. 27th Avenue Caraf, Inc., 8700 NW 27th Avenue, Miami, Florida 33147

    d. 27th Service Station, Inc., 13075 NW 27th Avenue, Miami, Florida 33167

21. Although Plaintiff worked in excess of forty hours per week while working at Caraf, 22th Avenue, 27th Avenue, and/or 27th Service Station, Defendants did not pay Plaintiff at an overtime rate.

22. On frequent occasions, Defendants required the Plaintiff to travel to multiple job locations throughout her workday, however, Defendants did not compensate Plaintiff for her travel time between jobsites during the workday.

23. Despite its knowledge that Plaintiff worked at multiple job locations, Defendants failed to pay Plaintiff at an overtime rate or for travel between the two locations.

24. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

25. The failure of Defendants to compensate Plaintiff at her given rate of pay for all hours worked is in violation of the FLSA.

26. Defendants, therefore, are liable to Plaintiff in the amount of her unpaid hours and overtime compensation.

27. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for the payment of compensation for all overtime hours at one and one-half her regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

**<u>DEMAND FOR JURY TRIAL</u>**

29. Plaintiff demands trial by jury as to all issues so triable.

Dated: January 28, 2020                  Respectfully submitted,

                                            s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN: 88743
E-mail: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff